# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 15-161 |
| JEFFREY JOHN VALENTA, | Civil No. 19-753 |
| Defendant | |

## OPINION

On November 29, 2017, defendant Jeffrey John Valenta ("defendant" or "Valenta") pleaded guilty at count one to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Valenta was sentenced on June 25, 2018, to the statutory mandatory minimum term of imprisonment of 60 months to be followed by 5 years of supervised release, pursuant to a Rule 11(c)(1)(C) plea agreement.

I. Background

On June 25, 2019, Valenta filed a motion to vacate his conviction or sentence under 28 U.S.C. § 2255 (ECF No. 136). At the government's request, the court issued a "Miller Notice." Valenta elected to stand on his original motion, as filed, and responded that he "understands the consequences of filing the 28 USC § 2255 at this time and is fully aware of the one year time limit of AEDPA and the restrictions barring successive 2255's." (ECF No. 142). On September 26, 2019, Valenta filed a motion to amend his § 2255 motion (ECF No. 146).[1]

On August 30, 2019, Valenta filed a motion for stay and release during the habeas corpus

---

[1] Valenta states that his amended § 2255 motion "clarifies and amplifies" his original motion. The government addressed the arguments in the amended motion on the merits and did not seek its dismissal as untimely filed. The court will accept the amended § 2255 motion (ECF No. 146) as a clarification of Valenta's position.

proceeding, alleging that the Bureau of Prisons ("BOP") is unwilling or unable to care for his medical condition (ECF No. 144). On November 26, 2019, Valenta filed a motion to amend answer to stay and release (ECF No. 153). Also pending are motions filed by Valenta for appointment of counsel (ECF No. 156) and for summary judgment (ECF No. 158).

The government opposes the relief sought by Valenta. The government argues that Valenta did not show the extraordinary circumstances needed for release after his guilty plea and conviction. (ECF No. 148). The government points out that Valenta must raise and exhaust his claims about the conditions of his confinement with the BOP. The government contends that none of Valenta's alleged grounds for relief under § 2255 are meritorious, such that the motion should be denied without appointment of counsel, discovery, an evidentiary hearing or a certificate of appealability. (ECF No. 149 at 4). Valenta's reply brief was filed on February 18, 2020 and the motions are now ripe for disposition.

II. Motions Alleging Improper Medical Care (ECF Nos. 144, 153)

Valenta alleges that he is not receiving appropriate treatment for his serious medical conditions (sleep apnea and elevated prostate cancer indicators) while incarcerated. Valenta asks the court to order the BOP to release him on bond to seek treatment.[2] Valenta is currently located at FCI Fort Dix, a federal correctional institution located in Fort Dix, New Jersey. The court takes judicial notice that FCI Fort Dix is located in the District of New Jersey, not the Western District of Pennsylvania.

---

[2] Valenta apparently did not seek a transfer to a medical facility within the BOP.

When a prisoner alleges that he is being held in custody under conditions that violate the Constitution or laws or treaties of the United States, the prisoner must direct his petition to "the person who has custody over him." 28 U.S.C. § 2242. In other words, "in habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Bruce v. Warden, Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Under the "jurisdiction of confinement" rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." *Id*. (quoting 28 U.S.C. § 2241(a)). Because Valenta and the warden of FCI Fort Dix are not within the Western District of Pennsylvania, this court lacks jurisdiction to consider Valenta's motions regarding alleged improper medical care. Valenta must pursue his challenge to the medical conditions of his confinement in an appropriate forum.[3] The motions at ECF Nos. 144 and 153 will be DENIED without prejudice.

III. Section 2255 Motion

Valenta asserts the following grounds to vacate his conviction or sentence: (1) ineffective assistance of counsel; (2) untimeliness or lack of subject-matter jurisdiction over his federal indictment in 2015 because his arrest on July 15, 2011 was by Pennsylvania State Police acting in a dual federal and state capacity; (3) collateral estoppel/double jeopardy, also based on the dual federal and state capacity of the law enforcement officers; (4) violation of due process based upon a failure to preserve an internet router and log file; and (5) due process/double jeopardy for a failure to credit time he served on pretrial release.

---

[3] The court makes no finding about whether Valenta properly exhausted his administrative remedies.

A. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court reads § 2255 as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 625 (4th ed. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under § 2255 is available only when 'the claimed error of law was a fundamental defect [that] inherently results in a complete miscarriage of justice, and... present[s] exceptional circumstances where the need for the remedy afforded by the writ...is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

An issue that could have been raised on direct appeal, but was not, is subject to procedural default. *United States v. Sokolow*, Nos. 93-394, 98-764, 1999 WL 167677 at *1 (E.D. Pa. Mar. 23, 1999) (citing *Frady*, 456 U.S. at 162-67). Procedurally defaulted claims are waived unless a habeas petitioner demonstrates either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent. *Parkin v. United States*, 565 F. App'x 149, 151 (3d Cir. 2014). In addition, this court cannot reconsider arguments that <u>were</u> raised and rejected by the court of appeals in a direct appeal. *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) ("many cases" have held that § 2255 may not be used to relitigate questions which were raised and considered on direct appeal).

A district court is required to hold an evidentiary hearing on a § 2255 motion if "the files and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). "[T]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.* at 545. The court concludes that an evidentiary hearing is not necessary in this case because, as explained below, it is clear based upon the file and records in this case that Valenta is not entitled to relief.

B. <u>Ineffective Assistance of Counsel</u>

Valenta's claims of ineffective assistance of counsel are not procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003). His § 2255 motion is the proper forum to raise those claims. Valenta contends that his trial counsel was ineffective in the following respects: (1) he retired after the sentencing hearing and failed to file an appeal; (2) the retirement

5

constituted a conflict of interest and constructive denial of counsel; (3) he failed to conduct a proper investigation; and (4) he demonstrated a lack of advocacy in not challenging the conditions of pretrial release and providing a copy of a state court plea agreement to the federal prosecutors.

To support a claim that counsel's assistance was so defective as to amount to a deprivation of one's Sixth Amendment right to effective assistance of counsel and require reversal of a conviction, a defendant must show two things: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused him prejudice. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see Ross v. Dist. Att'y of the Cnty. of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012). To show deficient performance, defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* at 210.

"With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). It is not enough to show that counsel's errors had "some conceivable effect on the outcome of the proceeding." *Id.* (citing *Strickland*, 466 U.S. at 693). Counsel's errors must be so serious as to deprive the defendant of a fair trial. *Id*. If a court determines that a defendant did not suffer prejudice, it need not determine whether counsel's performance was deficient. *Marshall v. Hendricks*, 307 F.3d 36, 87 (3d Cir. 2002) (citing *Strickland*, 466 U.S. at 697)). Courts should generally address the prejudice prong first, which the court will do here. *See McAleese v. Mazurkiewicz*, 1 F.3d 159, 170 (3d Cir. 1993).

Valenta was charged with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He faced a statutory mandatory minimum sentence of five years in prison to be followed by a statutory mandatory minimum term of five years of supervised release. An investigation determined that Valenta was using an IP address without the subscriber's permission. A search warrant was executed on January 6, 2011, and a forensic review of Valenta's computer found video files of child pornography. During a non-custodial interview with an officer while the search was being conducted, Valenta made incriminating statements. On May 17, 2017, the court denied Valenta's motion to suppress evidence.

On November 29, 2017, Valenta pleaded guilty to count one of the indictment, pursuant to a written plea agreement. (ECF No. 149-1). Valenta acknowledged his responsibility for the conduct charged in count 2. Of particular relevance to the pending § 2255 motion, the plea agreement contained the following provisions: (1) Valenta waived his right to take a direct appeal, subject to three narrow exceptions which do not apply in this case[4]; (2) Valenta retained his right to file a claim for ineffective assistance of counsel, subject to the government's right to oppose that claim on substantive or procedural grounds; (3) pursuant to Rule 11(c)(1)(C), the parties stipulated and agreed "that the appropriate sentence in this case" was a term of imprisonment of five years and a term of supervised release of five years; and (4) the letter "sets forth the full and complete terms and conditions of the agreement between Jeffrey John Valenta and the [government] and there are no other agreements, promises, terms or conditions, express or implied." (ECF No. 149-1). Valenta acknowledged that he received the letter, read and discussed it with counsel, and understood the terms of the agreement. Valenta stated in writing:

---

[4] Valenta did not make a "conditional" plea agreement which preserved his right to appeal denial of the suppression motion.

"I hereby accept it and acknowledge that it fully sets forth my agreement with the [government]." The plea letter is signed by Valenta, his attorney and the acting United States Attorney, and is dated November 29, 2017.

The court conducted a thorough plea colloquy. Valenta's unsupported allegation in his § 2255 motion that he was suffering from a concussion that rendered him incompetent is belied by the record. Valenta stated at the time of the plea hearing that he was not and had not recently prior thereto been under the care of a physician and that he understood what was happening. (ECF No. 149-2 at 4). Valenta was found competent by the court without any doubts from the government counsel or defense counsel. *Id*. Valenta stated that he had enough time to fully discuss his case with his attorney and was "fully satisfied" with his counsel's representation and advice. *Id.* at 5. Valenta confirmed that he discussed the plea agreement with his counsel, understood it and had no questions. *Id*. at 17, 27-28. Valenta understood that the agreement contained a stipulated sentence that would be binding on the court if accepted. *Id*. at 18, 28. The court thoroughly reviewed Valenta's waiver of his rights to appeal. *Id*. at 20-25. Valenta affirmed that he was willing to give up those rights for the benefits of the plea agreement. *Id*. at 25. Valenta stated that he was pleading guilty because he was guilty, and that he committed the crime of receipt of child pornography. *Id*. at 30. Valenta agreed with the government's summary of the factual basis for the charge and on questioning from the court, confirmed that at various times from November 2010 to January 2011 he was on a peer-to-peer system and was viewing and receiving child pornography. *Id*. at 34. Valenta pleaded guilty and the court accepted his guilty plea as knowing and voluntary. *Id*. at 35.

At the sentencing hearing, the court accepted the plea agreement and imposed the parties'

Rule 11(c)(1)(C) stipulated sentence. Valenta received the lowest possible sentence he could have received by law. He received the statutory mandatory minimum term of imprisonment and the statutory mandatory minimum term of supervised release, in addition to the statutorily required $100 special assessment. The fine was waived. This sentence represented a significant downward variance from the advisory guideline range of 97 to 121 months in prison. Counsel explained that it was his professional judgment to not submit a letter from Valenta's daughter to the court. (ECF No. 149-3 at 8).

Toward the end of the sentencing proceeding, Valenta's appeal rights were reviewed by the court, including that the clerk of court would prepare a notice of appeal on his behalf. (ECF No. 149-3 at 25-26). Valenta stated he had a head injury, appreciated the court's patience, believed he understood his appeal rights, was a little cloudy, and asked whether he had a right to appeal the denial of his suppression motion, and stated that term "kind of got past all of us, I think." (ECF No. 149-3 at 26-27). His counsel explained that "we" deliberately did not ask for that in exchange for the agreed-upon sentence at the statutory minimum. Valenta then stated: "I appreciate that. It was just something – I'm fine. Thank you." He reiterated: "Thank you for clearing that up. I appreciate that." (ECF No. 149-3 at 27). Valenta never requested or filed a direct appeal.

The alleged grounds of ineffective assistance of counsel are largely mooted by Valenta's knowing, counseled and voluntary plea of guilty. As the United States Supreme Court explained in *United States v. Broce*, 488 U.S. 563 (1989):

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and

9

> voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*Id*. at 569. It is clear that Valenta's guilty plea was valid. His attempt to disavow it now is foreclosed.

Valenta was not prejudiced in the sentencing phase because he received the lowest possible sentence. In particular, Valenta was not prejudiced by counsel's retirement after the sentencing hearing and failure to file an appeal. Valenta knowingly and voluntarily waived the right to take a direct appeal in his plea agreement, which was signed almost seven months prior to counsel's retirement. Based upon the written plea agreement and his statements in open court, Valenta cannot now, in retrospect, disavow the actual terms of the plea agreement and pursue a conditional plea. Defense counsel fully participated in all phases of the guilt and sentencing process. Valenta's argument that the retirement constituted a conflict of interest and constructive denial of counsel is without merit.

Valenta was not prejudiced by counsel's alleged failure to conduct a proper investigation. The record reflects that officers executing a search warrant in 2011 (long before counsel was involved in the case) found evidence of child pornography on Valenta's computer, and Valenta admitted to receiving and viewing it. None of the alleged shortcomings of counsel's investigation (i.e., delays that resulted in missing evidence, failure to interview alibi witnesses and family members, allowing only one of the investigating officers to testify at the suppression hearing) would have reasonably resulted in Valenta's acquittal. Counsel understandably, and successfully, chose to focus on reducing Valenta's sentence to the statutory minimum. Similarly, Valenta suffered no prejudice from an alleged lack of advocacy in not challenging the conditions of pretrial release or providing a copy of a state court plea agreement signed by Valenta to the

prosecution. As will be discussed below, the conditions of his pretrial release were constitutional. The state plea agreement was provided as part of counsel's advocacy efforts to convince the federal government to remand the prosecution to state court. (ECF No. 149-4). Because it is clear that Valenta was not prejudiced by alleged ineffective assistance of counsel, the court need not address the "performance" prong of the *Strickland* test. *Marshall*, 307 F.3d at 87. This ground for relief is DENIED.

### C. Constitutional Claims

The remainder of Valenta's § 2255 motion and amended motion allege constitutional violations arising from the dual state-federal prosecution. Specifically, he alleges that the federal indictment in 2015 was untimely, without subject-matter jurisdiction or constituted double jeopardy because his arrest on July 15, 2011 was by the Pennsylvania State Police acting in a dual federal and state capacity. Valenta also asserts a due process violation based upon a failure to preserve an internet router and log and claims a due process or double jeopardy violation because he did not get credit for the time he was on pretrial release. The government contends that these grounds are procedurally defaulted. The government reasons that they should have been raised in a direct appeal, which Valenta knowingly waived, and he cannot establish "cause" or "actual innocence" to overcome his default. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Valenta's challenge to the court's subject-matter jurisdiction cannot be defaulted. It is, however, without merit. In *United States v. Penwell*, 455 F. App'x 181, 183 (3d Cir. 2011), the court of appeals rejected an argument that federal courts did not have jurisdiction over child pornography crimes as frivolous. In *United States v. Schmutzler*, No. 1:13-CR-00065, 2017 WL

4648146, at *5 (M.D. Pa. Oct. 17, 2017), the court rejected the argument that prosecution of child pornography offenses in federal court, rather than in state court, violated principles of federalism. The court explained that a defendant's prosecution in federal court was rationally related to various legitimate federal interests. *Id.* The court stated: "Given that the federal government's prosecution of Defendant served multiple legitimate federal interests, the federal government's decision to prosecute him in federal court was entirely appropriate and did not violate principles of federalism, or amount to selective prosecution." *Id*. at *6. This federal district court properly exercised subject-matter jurisdiction over Valenta's case because the federal government indicted Valenta for a violation of a federal criminal statute based on events that occurred in this district. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). In sum, jurisdiction was proper.

It is well-established that prosecution by both the federal and state governments does not constitute double jeopardy. In *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019), the Supreme Court explained that under the "dual-sovereignty" doctrine, a crime under state law is not "the same offence" as a crime under federal law. The federal government may prosecute a defendant under federal law even if the state has prosecuted him for the same conduct under state law. *Id*.

The federal prosecution of Valenta was not untimely or stale. In *United States v. Vosburgh*, 602 F.3d 512, 529 (3d Cir. 2010), the court noted that images of child pornography stored on computers can be retained almost indefinitely, and forensic examiners can often uncover evidence of possession or attempted possession long after the crime has been completed.

12

The five-year limitations period in 18 U.S.C. § 3283 applies to Valenta's offense of conviction. *United States v. Schneider*, No. CRIM. A. 10-29, 2010 WL 3656027, at *4 (E.D. Pa. Sept. 15, 2010), aff'd, 801 F.3d 186 (3d Cir. 2015) (citing *United States v. Panner*, No. 06–365, 2007 U.S. Dist. LEXIS 11589, at *2 (E.D.Cal. Feb. 20, 2007)) (holding the statute of limitations in § 3283 applied to prosecution under 18 U.S.C. §§ 2251 and 2252A, child pornography offenses codified in Chapter 110); *see United States v. Borazanian*, 148 F. App'x 352, 353 (6th Cir. 2005) (same)). Valenta was indicted by the federal government in July 2015, less than five years after his offense conduct (November 2010 to January 2011).

Valenta's conviction is not invalidated by the fact that agents were working in a dual federal-state capacity. Congress, by statute, specifically authorized the federal government to deputize state and local law enforcement agents to act in a federal capacity. 5 U.S.C. § 3372. State or local government employees may be assigned to federal agencies "for work of mutual concern" determined to be beneficial to both the agency and the local government. *United States v. Torres*, 862 F.2d 1025, 1028 (3d Cir. 1988), abrogated on other grounds as recognized by *United States v. Casiano*, 113 F.3d 420, 426 (3d Cir. 1997) (citing 5 U.S.C. § 3372(a)(2)). The state or local employee may "be appointed in the Federal agency," 5 U.S.C. § 3374(a)(1), or "be deemed on detail to the Federal agency," 5 U.S.C. § 3374(a)(2). In sum, Valenta's constitutional claims based on the status of the investigating agents are without merit.

Valenta's due process claim based on a failure to preserve a router and other evidence is procedurally defaulted. A challenge to the sufficiency of the evidence is waived by Valenta's guilty plea. *United States v. McLaughlin*, 82 F. App'x 741, 743 (3d Cir. 2003) (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements

of a formal criminal charge."). In this case, the router was not essential to proving Valenta's guilt because agents recovered child pornography on his computer and he made incriminating statements.

Valenta's argument that he should receive credit for his time on pretrial release is without merit. Pursuant to 18 U.S.C. § 3585(b): "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in **official detention** prior to the date the sentence commences." (Emphasis added). The term "official detention" requires that a defendant be "detained" and placed in the custody of the attorney general for confinement. *Reno v. Koray*, 515 U.S. 50, 56 (1995) (defendant not entitled to credit for pretrial release at community treatment center). The Supreme Court held that a person "released" prior to trial is not entitled to credit, even if his release was "subject to a variety of restrictive conditions." *Id*. at 57 ("a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions, as respondent was, is 'released.'"). In *United States v. Rome*, 384 F. App'x 135, 139 (3d Cir. 2010), the court of appeals explained that the Supreme Court in *Koray* rejected an invitation to engage in a fact-intensive inquiry into the defendant's personal situation and the specific facts of his time in pretrial release. *Accord Gullinese v. Zickefoose*, No. CIV. 11-7565 RMB, 2012 WL 4490562, at *2 (D.N.J. Sept. 27, 2012).

To the extent that Valenta seeks to challenge the conditions of his pretrial release, that argument is moot and without merit. The order setting conditions of pretrial release was entered on August 11, 2015 (ECF No. 13). Valenta's pretrial release ended on June 25, 2018, when he was remanded to the custody of the United States marshal after his sentencing hearing. Congress

provided a mechanism to appeal the conditions of pretrial release when they were imposed. 18 U.S.C. § 3145(c) (noting that the "appeal shall be determined promptly"). Valenta never appealed the conditions of his pretrial release.[5] His attempt to do so now, in the context of a § 2255 motion, is procedurally defaulted. *Sokolow*, 1999 WL 167677 (citing *Frady*, 456 U.S. at 162-67) (claim that could have been raised in direct appeal, but was not, is defaulted).

### D. Conclusion

After a thorough review, defendant's pro se motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF Nos. 136, 146) will be DENIED. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because Valenta did not meet this standard, a certificate of appealability will not issue. Valenta's motions for appointment of counsel and for summary judgment (ECF Nos. 156, 158) will be DENIED AS MOOT.

An appropriate order follows.

Date: March 4, 2020                             BY THE COURT:

                                                           /s/ *Joy Flowers Conti*
                                                           Joy Flowers Conti
                                                           Senior United States District Judge

---

[5] Valenta did file motions to amend those conditions in December 2016 and July 2017, which the court granted. (ECF Nos. 47, 48, 74, 75). The court also conducted extensive proceedings regarding Valenta's motion to clarify the conditions of his release (ECF No. 86, 91, 93).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal No. 15-161 |
| JEFFREY JOHN VALENTA, | ) | Civil No. 19-753 |
| Defendant | ) | |

## ORDER OF COURT

AND NOW, this 4th day of March, 2020, it is hereby ORDERED that for the reasons set forth in the memorandum opinion: (1) Valenta's motions seeking release from custody due to inadequate medical care (ECF Nos. 144 and 153) are DENIED without prejudice because this court lacks jurisdiction; (2) defendant's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF Nos. 136, 146) are DENIED. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue; and (3) Valenta's motions for appointment of counsel and for summary judgment (ECF Nos. 156, 158) are DENIED AS MOOT. Civil Action No. 19-753 shall be marked closed.

BY THE COURT:

 /s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge