# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 15-161 |
| | ) |
| JEFFREY JOHN VALENTA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION

Pending before the court is a pro se motion filed by Jeffrey John Valenta ("Valenta") for immediate reduction of sentence to "time served" (ECF No. 172). Valenta seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to his susceptibility to the Covid-19 virus, and appointment of counsel. The government filed an expedited response on April 6, 2020 opposing the motion (ECF No. 176).[1]

On April 2, 2020, the United States Court of Appeals for the Third Circuit addressed a similar motion in a precedential opinion in *United States v. Raia*, No. 20-1033, 2020 WL 1647922 (3d Cir., Apr. 2, 2020). In *Raia*, the court of appeals held that courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons ("BOP") to respond to a request for release.

Valenta contends that he exhausted his administrative remedies based on a request he initiated on January 7, 2020. (ECF No. 172 at 1, ECF Nos. 172-1 to 172-4). Valenta's administrative request did seek compassionate release under the First Step Act (ECF No. 172-1).

---

[1] The court concludes that Valenta's pending motion is not within the scope of his appeal to the Third Circuit Court of Appeals from this court's opinion and order of March 4, 2020 (ECF No. 162).

Valenta's request, however, did not refer to Covid-19. Instead, Valenta sought release because he was not receiving appropriate treatment for medical issues that had been ongoing for 19 months, i.e., elevated prostate cancer indicators, sleep apnea, GERD and pre-diabetes (ECF No. 172-2).

One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing. *See Gadra-Lord v. Doe*, 736 F. App'x 30, 32 (3d Cir. 2018) (prisoner failed to exhaust administrative remedies even though he filed numerous prison grievances because none addressed the subject of the federal court complaint).

In this case, Valenta failed to exhaust his administrative remedies regarding the Covid-19 virus. Valenta made no specific reference to Covid-19 in his request and the BOP did not consider his request for release based on Covid-19. When the BOP received Valenta's request on January 7, 2020, it could not have reasonably known about Covid-19. The court takes judicial notice that the United States government announced the formation of a Covid-19 task force on January 29, 2020, and the World Health Organization declared a global health emergency on January 30, 2020. https://www.fda.gov/news-events/press-announcements/fda-announces-key-actions-advance-development-novel-coronavirus-medical-countermeasures; https://www.who.int/news-room/detail/30-01-2020-statement-on-the-second-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-outbreak-of-novel-coronavirus-(2019-ncov). In *Raia*, the court of appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19, and held that the "exhaustion requirement

takes on added – and critical – importance." *Raia*, 2020 WL 1647922 at *2. As mandated by the court of appeals in *Raia*, the BOP must be given an opportunity to address Valenta's request for release due to the Covid-19 virus before he can seek relief in this court.

In accordance with the foregoing, Valenta's motion for compassionate release (ECF No. 172) must be DENIED for failure to exhaust his administrative remedies. His request for appointment of counsel is DENIED AS MOOT.

An appropriate order will be entered.

Dated: April 7, 2020.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge