IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-161 |
| | ) | |
| JEFFREY JOHN VALENTA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION**

Pending now is a motion for reconsideration filed pro se by convicted defendant Jeffrey John Valenta ("Valenta") (ECF No. 181). A response from the government is not necessary.

On March 31, 2020, Valenta filed a motion for immediate compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to his susceptibility to the Covid-19 virus. (ECF No. 172). On April 7, 2020, the court issued an opinion and order denying Valenta's motion (ECF No. 178). The court explained that pursuant to *United States v. Raia*, No. 20-1033, 954 F.3d 594 (3d Cir., Apr. 2, 2020), district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons ("BOP") to respond to a request for release.

On April 9, 2020, the federal district court for the District of New Jersey transferred a motion Valenta filed in that court entitled "Emergency Motion to Compel the BOP to Release to Home Detention pursuant to CARES Act of 2020; or EOHDP of 2018; due to COVID-19 Outbreak and Risk to Already Compromised Health (ECF No. 179). On April 13, 2020, the court issued an order denying Valenta's motion, for the reasons set forth in its April 7, 2020

1

opinion (ECF No. 180).

In his pending motion for reconsideration, Valenta contends that the court placed too much emphasis on his "dicta regarding the COVID-19 virus" (ECF No. 181 at 4) and should have construed his motion at ECF No. 172 as seeking compassionate release due solely to his possible increased risk of prostate cancer and sleep apnea.[1] Valenta continues to argue, however, that exhaustion of administrative remedies would be futile "amid the current pandemic." (ECF No. 181 at 3-4).

A litigant – even a pro se criminal defendant – is not entitled to obtain reconsideration by disavowing the gravamen of his original motion after it is denied by the court. *United States v. Bonfilio,* No. CR 09-205, 2017 WL 118404, at *2 (W.D. Pa. Jan. 12, 2017) (involving a pro se motion by a criminal defendant) (a motion for reconsideration is not "an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support.") (*citing Bell v. City of Phila*., 275 F. App'x 157, 160 (3d Cir. 2008); *Spence v. City of Phila*., 147 F. App'x 289, 291-92 (3d Cir. 2005); *Bhatnagar v. Surrendra Overseas Ltd*., 52 F.3d 1220, 1231 (3d Cir. 1995); *Trenton v. Scott Paper Co*., 832 F.2d 806, 810 (3d Cir. 1987); *Miller v. Court of Common Pleas of Erie Cnty*., Civ. Action No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. 2014)). Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." *Bhatnagar*, 52 F.3d at 1231.

It is patently obvious that Valenta's motions for compassionate release were premised on his susceptibility to the COVID-19 virus and his incarceration at Ft. Dix, New Jersey, near the epicenter of the pandemic. (ECF No. 172 at 2); (ECF No. 179 at 1) ("persons such as myself,

---

[1] On March 4, 2020, the court denied Valenta's motions alleging that he is not receiving appropriate treatment for his serious medical conditions (sleep apnea and elevated prostate cancer indicators) while incarcerated, and explained that he needed to pursue those claims in the District of New Jersey. (ECF No. 161). That decision is now on appeal.

due to age, medical and other factors, are in imminent danger from the COVID-l9 virus"). The court explained in its April 7, 2020 opinion that Valenta failed to exhaust his administrative remedies regarding the Covid-19 virus in his request on January 7, 2020, because the BOP could not have reasonably known about Covid-19 at that time.

The court adheres to its decision. Valenta is not entitled to avoid his duty to exhaust his administrative remedies. In *Raia*, the court of appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19, and held that the "exhaustion requirement takes on added – and critical – importance." *Raia*, 954 F.3d at 597. As mandated by the court of appeals in *Raia*, the BOP must be given an opportunity to address Valenta's request for release due to the Covid-19 virus before he can seek relief in this court.

In accordance with the foregoing, Valenta's motion for reconsideration (ECF No. 181) will be DENIED.

An appropriate order will be entered.

Dated: April 27, 2020.

        /s/ Joy Flowers Conti
        Joy Flowers Conti
        Senior United States District Judge