**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-161 |
| | ) | |
| Jeffrey John Valenta, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

### I.      Introduction

Pending before the court is a pro se motion for early termination of supervised release filed by defendant Jeffrey John Valenta ("Valenta") (ECF No. 218).  Valenta argues that he is entitled to early termination of his 10-year-term of supervised release because further supervision is unwarranted, unnecessary and unjust.  The government filed a response in opposition to the motion (ECF No. 220) and it is ripe for decision.

For the reasons set forth in this opinion, including the court's consideration of the factors set forth in 18 U.S.C. § 3553(a) and the interest of justice, Valenta's motion for early termination of supervised release will be denied without prejudice.

### II.      Procedural History

On November 29, 2017, Valenta pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), pursuant to a Rule 11(c)(1)(C) plea agreement.  Valenta was sentenced on June 25, 2018, to a term of imprisonment of 60 months, to be followed by 5 years of supervised release.  Both the term of imprisonment and the term of supervised release were the minimum allowable under the statute.  The term of

imprisonment reflected a significant downward variance from the advisory guideline range of 97-121 months.

As Valenta recognizes, the court granted his motion for compassionate release from imprisonment in January 2021, in light of his significant medical issues. Valenta has served less than half his 5-year term of supervised release. Valenta requires ongoing medical treatment, which the probation office has accommodated (ECF No. 218 at 3). In August 2021, the court removed Valenta's home detention condition. Valenta reports that he is in full compliance with his conditions of release. He works full-time at a real estate agency and part-time as a caterer. He paid his restitution obligation in full and completed counseling.

III.     Discussion

A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action

---

[1]     Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

is warranted by the conduct of the defendant released
and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the

district court must consider the following factors:

- the nature and circumstances of the offense and the history and
  characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to
  criminal conduct, protect the public from further crimes of the defendant,
  and provide the defendant with needed educational or vocational training,
  medical care, or other correctional treatment in the most effective
  manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, §
  3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, §
  3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants
  with similar records who have been found guilty of similar conduct, §
  3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that

early termination is warranted by the defendant's conduct and is in the interest of

justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact

with respect to each § 3553(a) factor; it is sufficient for the court to state that it

considered the statutory factors.  Id. at 52-53.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early

termination of a term of supervised release under § 3583(e)(1) "will be proper 'only

when the sentencing judge is satisfied that new or unforeseen circumstances' warrant

it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert.

denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances **must** be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of Valenta's term of supervised release is warranted by his conduct and is in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Valenta's offense of conviction (receipt of child pornography) was serious, as reflected by the statutory mandatory minimum terms of imprisonment and supervised release mandated by Congress. Based upon the representations by Valenta in his

---

[2]     The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 978 F.3d at 53.

motion, he has done very well in his community while on supervised release.  Valenta did not identify any particular hardships caused by the terms of his supervised release and acknowledges the probation office's ability to accommodate his individual circumstances.  Valenta's personal belief that supervised release is no longer necessary is contrary to the statutory mandatory minimum established by Congress. Despite the laudable progress Valenta has made since his release from imprisonment, a 5-year term of supervised release remains the appropriate sentence in this case.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Congress determined that a minimum of 5 years of supervised release was important to provide deterrence and protect the public from future crimes by Valenta. Valenta entered a Rule 11(c)(1)(C) plea agreement, in which he agreed that a 5-year term of supervised release was appropriate.  Valenta has served less than half the term of supervised release imposed by the court and his prison term was shortened.  In light of the serious nature of Valenta's criminal conduct, a reduction in the term of supervised release would not adequately deter criminal conduct. In other words, a 5-year term of supervised release is still warranted to deter criminal conduct and protect the public.

> **3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)**

The statutory mandatory minimum term of supervised release is 5 years and the statutory maximum is life.  The applicable guideline range for a term of supervised release was 5 years to life. U.S.S.G. § 5D1.2(b).  The guidelines recommend the

statutory maximum term of supervised release for sex offenses.  Id.  As noted above, the court granted a significant downward variance in Valenta's term of imprisonment and imposed a term of supervised release at the statutory minimum.  The court granted Valenta's motion for compassionate release from imprisonment.  This factor does not favor early termination of Valenta's supervision.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

No pertinent policy statements were raised by the parties with respect to this matter.  The court again notes the policy statement in Sentencing Guideline § 5D1.2(d), which recommends that the statutory maximum term of supervised release be imposed for sex offenses.  Id.  Pursuant to the policy statement, Valenta would remain on supervised release for life.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

Early termination of the term of supervision (below the statutory mandatory minimum) may create an unwarranted sentencing disparity between Valenta and other defendants with similar records who have been found guilty of similar conduct.  This factor does not favor early termination of supervision.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

The court recognizes that Valenta completed his restitution obligation.  This factor weighs in favor of Valenta because supervised release is not necessary to ensure his continued compliance with this condition.

### C.  Whether early termination is warranted and in the interest of justice

Valenta asserts that since his release from incarceration he is succeeding economically and in the community and has remained "crime free."  Compliance with the conditions of supervision is *required* behavior while serving a term of supervised release.  The fact of Valenta's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Valenta's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal conduct, the interests of justice are best served by Valenta completing his 5-year-term of supervised release.

Valenta did not articulate any specific hardship posed by his current conditions of supervision.  If revisions of his conditions become necessary, for instance to accommodate his work or medical treatment, the court encourages Valenta to continue to communicate with his probation officer to resolve that issue.

**IV.     Conclusion**

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 218) without prejudice. In the event Valenta's circumstances change, he may file a new motion for early termination of supervised release.

An appropriate order follows.

BY THE COURT:

Dated: February 14, 2023                    /s/ JOY FLOWERS CONTI
                                            Joy Flowers Conti
                                            Senior United States District Judge