IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 15-161 |
| | ) |
| Jeffrey John Valenta, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.    Introduction**

Pending before the court is a second pro se motion for early termination of supervised release filed by defendant Jeffrey John Valenta ("Valenta") (ECF No. 223). The government filed a response in opposition to the motion (ECF No. 225), Valenta filed a reply brief (ECF No. 226), and the motion is ripe for decision.

In an opinion and order dated February 14, 2023 (ECF Nos. 221, 222), the court denied Valenta's first motion for early termination of supervised release after consideration of the factors set forth in 18 U.S.C. § 3553(a).  In part, the court observed that Valenta had not articulated any particular hardships caused by his conditions of supervision.  Valenta argues that has now changed (ECF No. 223 at 4).  In the year since the court's decision, Valenta obtained a digital accounting/bookkeeping certification.  He anticipates that he will use a computer for business and leave the Western District of Pennsylvania on a moment's notice to conduct business (ECF No. 223 at 5).  Valenta argues that further supervision is not necessary.  The government notes that the probation office also opposes early termination of Valenta's supervision (ECF No. 225 at 3).

II.     **Procedural History**

The court reiterates the procedural history set forth in its previous opinion.  On November 29, 2017, Valenta pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), pursuant to a Rule 11(c)(1)(C) plea agreement.  Valenta was sentenced on June 25, 2018, to a term of imprisonment of 60 months, to be followed by 5 years of supervised release.  Both the term of imprisonment and the term of supervised release were the minimum allowable under the statute.  The term of imprisonment reflected a significant downward variance from the advisory guideline range of 97-121 months.

As Valenta recognizes, the court granted his motion for compassionate release from imprisonment in January 2021, in light of his significant medical issues.  Valenta has now served about 60% of his 5-year term of supervised release.  Valenta requires ongoing medical treatment, which the probation office has accommodated (ECF No. 218 at 3).  In August 2021, the court removed Valenta's home detention condition.  Valenta reports that he is in full compliance with his conditions of release.  He works full-time at a real estate agency and part-time as a caterer.  He paid his restitution obligation in full and completed counseling.  In addition to obtaining the bookkeeping certification, Valenta set up a non-profit cancer foundation and wrote and published a novelette about the quest for redemption (ECF No. 223 at 4).

III.    **Discussion**

   A.  **Applicable Law**

The court reiterates its review of the applicable law in its previous opinion.  A

district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

3

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early

---

[2] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 978 F.3d at 53.

termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of Valenta's term of supervised release is warranted by his conduct and is in the interest of justice.

### B.  Section 3553(a) Factors

The court incorporates and reiterates its review of the § 3553(a) factors, as set forth in its previous opinion.  Valenta, essentially, points to two reasons justifying relief: (1) his continued compliance with the conditions of his supervision for another year; and (2) his anticipation that his conditions of supervision might impact his expected work as an accountant/bookkeeper.

Valenta's feared impacts on his bookkeeping work are speculative.[3]  Valenta did not provide the court with any evidence that he obtained a bookkeeping position or, if he intends to be self-employed, that he has clients or prospective clients; nor that he is required by work to travel outside the district (let alone, at a moment's notice).  If Valenta obtains a bookkeeping position or has contractual agreements with clients, he would need to confer with the probation office to determine whether the restrictions on his computer use would impact his job duties.  Valenta did not identify any fiduciary duties that he owes at this time to any client or that there is a potential client to whom he would owe those duties.  Importantly, Valenta did not provide any information to the court that he contacted the probation office to attempt to modify his conditions to address any potential impacts.  Without evidence of any specific impacts and the futility

---

[3] Valenta's argument that he will benefit from proposed (but unenacted) legislation (the Safer Supervision Act of 2022) (ECF No. 223 at 6-8) is also speculative.

of efforts to modify the conditions of supervision to ameliorate those impacts, the court adheres to its determination that Valenta failed to identify any particular existing hardships caused by his supervision.

> **1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)**

Valenta's offense of conviction (receipt of child pornography) was serious, as reflected by the statutory mandatory minimum terms of imprisonment and supervised release mandated by Congress.  Based upon the representations by Valenta in his motion, he has done very well in his community while on supervised release.  Valenta did not identify any particular hardships caused by the terms of his supervised release and acknowledges the probation office's ability to accommodate his individual circumstances.  Valenta's personal belief that supervised release is no longer necessary is contrary to the statutory mandatory minimum established by Congress.  Despite the laudable progress Valenta has made since his release from imprisonment, a 5-year term of supervised release remains the appropriate sentence in this case.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Congress determined that a minimum of 5 years of supervised release was important to provide deterrence and protect the public from future crimes by defendants convicted of receipt of child pornography, such as Valenta.  Valenta entered a Rule 11(c)(1)(C) plea agreement, in which he agreed that a 5-year term of supervised release was appropriate.  Valenta has served slightly more than half the term of

supervised release imposed by the court and his prison term was shortened.  In light of the serious nature of Valenta's criminal conduct, a reduction in the term of supervised release would not adequately deter criminal conduct. In other words, a 5-year term of supervised release is still warranted to deter criminal conduct and protect the public.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

The statutory mandatory minimum term of supervised release is 5 years and the statutory maximum is life.  The applicable guideline range for a term of supervised release was 5 years to life. U.S.S.G. § 5D1.2(b).  The guidelines recommend the statutory <u>maximum</u> term of supervised release (i.e., life) for sex offenses.  <u>Id.</u>  As noted above, the court granted a significant downward variance in Valenta's term of imprisonment and imposed a term of supervised release at the statutory <u>minimum</u>.  The court granted Valenta's motion for compassionate release from imprisonment.  This factor does not favor early termination of Valenta's supervision.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

No pertinent policy statements were raised by the parties with respect to this matter.  The court again notes the policy statement in Sentencing Guideline § 5D1.2(d), which recommends that the statutory maximum term of supervised release be imposed for sex offenses.  <u>Id.</u>  Pursuant to the policy statement, Valenta should remain on supervised release for life.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

7

Early termination of the term of supervision (below the statutory mandatory minimum) may create an unwarranted sentencing disparity between Valenta and other defendants with similar records who have been found guilty of similar conduct.  Any such defendants would be subject to the same statutory minimum 5 year term of supervised release.  This factor does not favor early termination of supervision.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

The court recognizes that Valenta completed his restitution obligation.  This factor weighs in favor of Valenta because supervised release is not necessary to ensure his continued compliance with this condition.

### C. Whether early termination is warranted and in the interest of justice

The court adheres to its determination and reasoning from its previous opinion that early termination of Valenta's supervision is not in the interest of justice.  The court appreciates and encourages Valenta to succeed economically and in the community and to remain "crime free."  Compliance with the conditions of supervision is *required* behavior while serving a term of supervised release.  The fact of Valenta's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Valenta's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal conduct, the interests of justice are best served by Valenta completing his 5-year-term of supervised release.

Valenta did not articulate any specific hardship posed by his current conditions of supervision.  As noted above, his fears about the possible impacts on his bookkeeping work are speculative.  If revisions of his conditions become necessary, for instance to accommodate his work or medical treatment, the court encourages Valenta to continue to communicate with his probation officer to resolve that issue.

IV.	**Conclusion**

Based upon the foregoing, the court will deny the renewed motion for early termination of supervised release (ECF No. 223) without prejudice. In the event Valenta's circumstances change, he may file a new motion for early termination of supervised release.

An appropriate order follows.

BY THE COURT:

Dated: February 28, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge