**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-161 |
| | ) | |
| Jeffrey John Valenta, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

### I.      Introduction

Pending before the court is a third pro se motion for early termination of supervised release filed by defendant Jeffrey John Valenta ("Valenta") (ECF No. 238). The government filed a response in opposition to the motion (ECF No. 240). The probation office also opposes early termination of Valenta's supervision (ECF No. 240-3).  Valenta filed a reply brief (ECF No. 241), and the motion is ripe for decision.

### II.      Procedural History

The court reiterates the procedural history set forth in its previous opinions.  On November 29, 2017, Valenta pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), pursuant to a Rule 11(c)(1)(C) plea agreement.  Valenta was sentenced on June 25, 2018, to a term of imprisonment of 60 months, to be followed by 5 years of supervised release.  Both the term of imprisonment and the term of supervised release were the minimum allowable under the statute.  The term of imprisonment reflected a significant downward variance from the advisory guideline range of 97-121 months.

As Valenta recognizes, the court granted his motion for compassionate release from imprisonment in January 2021, in light of his significant medical issues.  Valenta has now served about 3/4 of his 5-year term of supervised release.  Valenta requires ongoing medical treatment, which the probation office has accommodated (ECF No. 218 at 3).  In August 2021, the court removed Valenta's home detention condition.

In an opinion and order dated February 14, 2023 (ECF Nos. 221, 222), the court denied Valenta's first motion for early termination of supervised release after consideration of the factors set forth in 18 U.S.C. § 3553(a).  In part, the court observed that Valenta had not articulated any particular hardships caused by his conditions of supervision.

In an opinion and order dated February 28, 2024 (ECF Nos. 227, 228), the court denied Valenta's second motion for early termination of supervised release.  The court considered Valenta's representations that he:  is in full compliance with his conditions of release; works full-time at a real estate agency and part-time as a caterer; paid his restitution obligation in full and completed counseling; obtained a bookkeeping certification; set up a non-profit cancer foundation; and wrote and published a novelette about the quest for redemption (ECF No. 223 at 4).  The court explained that these considerations did not merit early termination of supervised release, observed that his feared impacts of supervision on his bookkeeping work were speculative, and commented, in part:

> Valenta did not identify any fiduciary duties that he owes at this time to any client or that there is a potential client to whom he would owe those duties. Importantly, Valenta did not provide any information to the court that he contacted the probation office to attempt to modify his conditions to address any potential impacts.

ECF No. 227 at 5.  The court concluded:

> The fact of Valenta's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and **continuation of it to full term** will achieve its desired effects on the supervised individual and community.  Valenta's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal conduct, the interests of justice are best served by Valenta **completing** his 5-year-term of supervised release.

*Id.* at 8 (emphasis added).  The court denied Valenta's motion without prejudice "[i]n the event Valenta's circumstances **change**."  *Id.* at 9 (emphasis added).


### III.    Discussion

Valenta argues that his circumstances have now "changed dramatically" (ECF No. 238 at 3).  The government contends that this third motion is, in essence, an untimely request for reconsideration of the court's denial of Valenta's previous motions for early termination.

The court agrees with the government.  Other than the passage of time, Valenta did not point to any material changes in his circumstances.  Valenta did not provide any evidence that his conditions of supervision pose a hardship.  Valenta did not provide any evidence that he "contacted the probation office to attempt to modify his conditions to address any potential impacts," as the court instructed in its prior opinion (ECF No. 227 at 8).

The only new (i.e., not considered by the court in denying Valenta's second motion for early termination) fact is that he retired from the Real Estate Agency "and currently enjoy[s] part time employment with a catering company and as a Field Administrator for the Victims Rights Network."  (ECF No. 238 at 5).  The government

contacted the Victims Rights Network to verify Valenta's employment.  A representative of the Victims Rights Network responded:  "We once advertised for subcontractor investigators but that fell through and never contracted with anyone." (ECF No. 240-2).  Valenta attached an email correspondence with the Victim Rights Network dated August 22, 2024, which contemplated possible future subcontractor work.  (ECF No. 241-1).  In his reply brief, Valenta explains:  "I haven't as of yet sought permission to work any cases simply because no contract has yet been offered. . . ." ECF No. 241 at 2.  At a minimum, Valenta's statement in his original motion that he "currently enjoy[s] part time employment . . . as a Field Administrator for the Victims Rights Network," (ECF No. 238 at 5), was misleading.  The lack of complete candor to the court does not weigh in favor of early termination of supervised release.

The court incorporates its review of the applicable law set forth in its previous opinions.  The court also incorporates its review of the § 3553 factors set forth in its previous opinions.  Under the circumstances of this case, Valenta should complete his 5-year term of supervised release, which is the <u>minimum</u> authorized by statute.  He committed a serious child pornography crime.  The guidelines recommend a lifetime term of supervision.  Valenta already benefited from significant reductions to his term of imprisonment.  Supervision appears to be achieving the desired results.

Valenta's reliance on the decision in <u>United States v. Solano</u>, Crim. No. 20-353, ECF No. 16, is misplaced.  That decision, by another member of the court, was based on that judge's application of the § 3553(a) factors to the unique circumstances of that case and did not contain a robust discussion.  The defendant in that case was convicted of a drug conspiracy, not a child pornography crime.  As explained several

4

times, an analysis of the § 3553(a) factors applicable to this case demonstrates that they do not weigh in favor of early termination of Valenta's supervised release.

Although the court denied Valenta's previous motions without prejudice, the court was not inviting or authorizing Valenta to repeatedly ask the court to reconsider its decision. Valenta will not be entitled to early termination of his supervised release unless, at a minimum, he: (1) provides evidence of a change in his circumstances that warrants early termination; (2) is able to articulate a specific hardship posed by his current conditions of supervision; or (3) demonstrates that he communicated with his probation officer in an effort to modify the conditions of supervision to address that issue, but was unable to do so. Any future motion for early termination of supervised release not meeting at least one of those conditions will be summarily denied.

## IV.    Conclusion

Based upon the foregoing, the court will deny the third motion for early termination of supervised release (ECF No. 238). The denial is without prejudice, but only if Valenta is able to satisfy one of the considerations set forth above.

An appropriate order follows.

BY THE COURT:

Dated: December 17, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge