IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-161 |
| | ) | |
| Jeffrey John Valenta, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.    Introduction

Pending before the court is a fourth pro se motion filed by defendant Jeffrey John Valenta ("Valenta") with respect to the conditions of his supervised release (ECF No. 244).  In this motion, Valenta seeks removal of the polygraph condition or early termination.  The government filed a response in opposition to the motion (ECF No. 247), and the motion is ripe for decision.

### II.    Procedural History

The court reiterates the procedural history set forth in its previous opinions.  On November 29, 2017, Valenta pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), pursuant to a Rule 11(c)(1)(C) plea agreement.  Valenta was sentenced on June 25, 2018, to a term of imprisonment of 60 months, to be followed by 5 years of supervised release.  Both the term of imprisonment and the term of supervised release were the minimum allowable under the statute.  The term of imprisonment reflected a significant downward variance from the advisory guideline range of 97-121 months.

As Valenta recognizes, the court granted his motion for compassionate release from imprisonment in January 2021, in light of his significant medical issues. Valenta has now served almost the entirety of his 5-year term of supervised release – his supervision expires in January 2026. Valenta requires ongoing medical treatment, which the probation office has accommodated (ECF No. 218 at 3). In August 2021, the court removed Valenta's home detention condition.

In an opinion and order dated February 14, 2023 (ECF Nos. 221, 222), the court denied Valenta's first motion for early termination of supervised release after consideration of the factors set forth in 18 U.S.C. § 3553(a). In part, the court observed that Valenta had not articulated any particular hardships caused by his conditions of supervision.

In an opinion and order dated February 28, 2024 (ECF Nos. 227, 228), the court denied Valenta's second motion for early termination of supervised release. The court considered Valenta's representations that he: is in full compliance with his conditions of release; works full-time at a real estate agency and part-time as a caterer; paid his restitution obligation in full and completed counseling; obtained a bookkeeping certification; set up a non-profit cancer foundation; and wrote and published a novelette about the quest for redemption (ECF No. 223 at 4). The court explained that these considerations did not merit early termination of supervised release, observed that his feared impacts of supervision on his bookkeeping work were speculative, and commented, in part:

> Valenta did not identify any fiduciary duties that he owes at this time to any client or that there is a potential client to whom he would owe those duties. Importantly, Valenta did not provide any information to the court that he

contacted the probation office to attempt to modify his conditions to address any potential impacts.

ECF No. 227 at 5.  The court concluded:

> The fact of Valenta's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and **continuation of it to full term** will achieve its desired effects on the supervised individual and community. Valenta's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal conduct, the interests of justice are best served by Valenta **completing** his 5-year-term of supervised release.

*Id.* at 8 (emphasis added).  The court denied Valenta's motion without prejudice "[i]n the event Valenta's circumstances **change**."  *Id.* at 9 (emphasis added).

On December 17, 2024, the court denied Valenta's third motion for early termination (ECF Nos. 242, 243).  The court reiterated that other than the passage of time, Valenta did not point to any material changes in his circumstances; did not provide any evidence that his conditions of supervision pose a hardship; and did not provide any evidence that he "contacted the probation office to attempt to modify his conditions to address any potential impacts," as the court instructed in its prior opinion (ECF No. 227 at 8).  The court found that Valenta was not fully truthful to the court and his claim to "part time employment . . . as a Field Administrator for the Victims Rights Network," (ECF No. 238 at 5), was misleading."  *Id.* at 4. The court cautioned:

> Although the court denied Valenta's previous motions without prejudice, the court was not inviting or authorizing Valenta to repeatedly ask the court to reconsider its decision.  Valenta will not be entitled to early termination of his supervised release unless, at a minimum, he: (1) provides evidence of a change in his circumstances that warrants early termination; (2) is able to articulate a specific hardship posed by his current conditions of supervision; or (3) demonstrates that he communicated with his probation officer in an effort to modify the conditions of supervision to address that issue, but was unable to do so.  Any future motion for early termination of supervised release not meeting at least one of those conditions will be summarily

denied.

ECF No. 242 at 5.

**III.    Discussion**

A.  Early termination

As an initial matter, Valenta did not address the prerequisites set forth by the court for filing another request for early termination of his supervised release.  He simply reiterated the arguments already rejected, multiple times, by this court.  (ECF No. 244 at 2).  As stated in this court's opinion and order dated December 17, 2024, Valenta's fourth request for early termination will be summarily denied.

B.  Modification of conditions

The court will address Valenta's request for removal of the polygraph condition. Valenta asserts that he has taken and passed multiple polygraph examinations and that taking another examination would generate undue anxiety.  He asserts that his stress may trigger false indications of deception.  Valenta asserts that polygraph testing has long been discredited as unreliable and he perceives no rehabilitative or public-safety benefit from another test.  Valenta cites the 2025 amendments to the United States Sentencing Guidelines (which are not currently in effect), for the proposition that the conditions should be tailored to the rehabilitation of each individual and reassessed throughout the period of supervision (ECF No. 244 at 1-2).

The government opposes removal of the polygraph condition.  The government notes that condition #13 provides that Valenta must submit to polygraph testing, which "shall continue throughout the term of supervision."  The government is concerned by Valenta's lack of candor with the court, as found in the December 17, 2024 opinion.

The government also notes that Valenta committed serious child pornography offenses and violated his conditions of presentence supervision by going into unauthorized areas and photographing minors.  *See* ECF Nos. 122, 127.

The government argues that polygraph testing is an approved condition of supervision, particularly in child pornography cases.  The government argues the condition deters criminal conduct, protects the public and may be beneficial in enhancing supervision and treatment.  The government reports that polygraph testing is being administered in accordance with the recommendation of Valenta's treatment provider.  In addition, contrary to Valenta's claim, the probation office reports that any follow-up examination (if warranted) could be administered prior to the expiration of Valenta's supervision.

The court has authority to modify Valenta's conditions, pursuant to 18 U.S.C. § 3583(e)(2), which provides, in pertinent part, that "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the court:

> (2) . . . may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

18 U.S.C. § 3583(e)(2).

The burden is on Valenta to "provide the court with sufficient information to warrant modification of the terms of supervised release."  *United States v. Hlavac*, No. 2:05-CR-200-NR, 2022 WL 4553133, at *1 (W.D. Pa. Sept. 29, 2022) (citing *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)).  "Whether to modify a term of

supervised release rests in the court's discretion." *Id.* Although a hearing is sometimes required under Fed. R. Crim. Pro. 32.1(c), "[n]o hearing is required if the court dismisses the motion and provides a detailed explanation for its decision." *Id.* (citing *United States v. Gayton*, No. 13-102, 2020 WL 5646080, at *3 (M.D. Pa. Sept. 22, 2020)). The court notes that neither Valenta nor the government requested a hearing in this case.

The court concludes that Valenta did not meet his burden to provide the court with sufficient information to warrant removal of the polygraph condition. Valenta's primary articulated concern is that the results of a polygraph examination may be positive. Valenta seeks to preemptively attribute a positive result to the stress/anxiety of taking the exam. Valenta did not explain why he was able to successfully pass prior polygraph examinations or why the circumstances of an upcoming examination would differ from those past polygraphs.

The polygraph condition is approved by the Third Circuit Court of Appeals. *See United States v. Handerhan*, No. 22-3138, 2023 WL 4447033, at *3 (3d Cir. July 11, 2023) (affirming decision to add polygraph condition and observing it "does not place a significantly greater demand on [the defendant]"). The polygraph condition has been in effect in Valenta's case (without objection by him) for over four years. The court is concerned by the seriousness of Valenta's offense, his past violation of his bond conditions and his recent lack of candor to the court. If there is a positive polygraph result, it would be far better for the public, and for Valenta himself, to perform a follow-up examination and any necessary treatment while Valenta remains on supervision.

## IV.    Conclusion

Based upon the foregoing, the court will deny the fourth pro se motion filed by

Valenta with respect to the conditions of his supervised release (ECF No. 244).

An appropriate order follows.

BY THE COURT:

Dated: October 23, 2025                        /s/ JOY FLOWERS CONTI
                                              Joy Flowers Conti
                                              Senior United States District Judge